THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Virginia
 Mappus, Appellant,
 v.
 South Carolina
 Department of Health and Environmental Control, Respondent.
 
 
 

Appeal From Administrative Law Court
Judge Ralph K. Anderson, III
Unpublished Opinion No. 2010-UP-536
Submitted November 3, 2010  Filed
 December 14, 2010
REVERSED AND REMANDED

 
 
 
 Carlisle Roberts, Jr., of Columbia and Davis Whitfield-Cargile, of
 Charleston, for Appellant.
 Mary D. Shahid, of Charleston, for Respondent.
 
 
 

FEW, C.J.:  This appeal arises out of Virginia Mappus's dock
 permit application.  The South Carolina Department of Health and Environmental
 Control (DHEC) denied her application in part because it determined that an
 unnamed tributary, which Mappus wanted her dock to cross, was navigable.  The
 Administrative Law Court (ALC) reversed the final DHEC Board decision and authorized
 Mappus to construct her dock over the tributary and out to Bohicket Creek. 
 DHEC appeals the ALC's decision.  We reverse and remand.[1]
I.  Facts
Mappus lives on
 Bohicket Road in Johns Island.  There is an unnamed tributary that opens into
 Bohicket Creek and runs parallel to Bohicket Road.  The tributary eventually
 separates into two branches.  Prior to submitting her dock permit application
 on October 2, 2006, Mappus had a permitted dock extending to the south branch
 of the tributary.  Her application to DHEC sought to extend her dock out to
 Bohicket Creek.  To reach Bohicket Creek, Mappus's dock had to cross both the
 south and north branches of the tributary.  DHEC staff granted the application
 in part.  It issued a permit allowing Mappus to extend her dock across the
 south branch of the tributary, but denied her request to extend it across the
 north branch to Bohicket Creek because it deemed that branch
 "navigable" under South Carolina Code of Regulations 30-12(A).[2] 
 The DHEC Board conducted a final agency review and affirmed the staff decision
 based on its conclusion that the tributary was navigable.  Mappus argued that
 two docks between hers and the mouth of the tributary rendered the tributary
 non-navigable at her property.  The two docks, the Atkinson dock and the Combos
 dock, were the subjects of prior litigation with DHEC whose results are
 relevant here.  
The Atkinson dock
 is located at the mouth of the tributary and extends farther into the tributary
 than allowed by its permit.  In a prior case, Brownlee v. South Carolina
 Department of Health & Environmental Control, 372 S.C. 119, 128,
 641 S.E.2d 45, 49 (Ct. App. 2007), rev'd, 382 S.C. 129, 676 S.E.2d
 116 (2009), this court determined that the Atkinson dock was a man-made
 impediment that rendered the tributary non-navigable.  Therefore, DHEC granted
 multiple dock permit applications to cross the tributary and extend docks to
 Bohicket Creek.  However, after the ALC's decision in this case, the supreme
 court reversed this court's Brownlee decision, finding that
 "navigability does not hinge on the existence of man-made
 impediments."  Brownlee v. S.C. Dep't of Health & Envtl. Control, 382
 S.C. 129, 141, 676 S.E.2d 116, 122 (2009).  
The Combos dock,
 located between the Atkinson dock and Mappus, is illegally built to Bohicket
 Creek without a permit.  To access the mouth of the tributary and get to
 Bohicket Creek, Mappus must navigate under the Combos dock.  DHEC obtained a
 circuit court order directing Combos to remove the dock.  On June 15, 2009,
 after the underlying Mappus decision by the ALC, the supreme court affirmed the
 circuit court order in S.C. Dep't of Health & Envtl. Control v. Combos,
 Op. No. 2009-MO-029 (Sup. Ct. filed June 15, 2009).
Mappus
 appealed the final DHEC Board decision to the ALC.  On February 3, 2009, it
 reversed DHEC's decision requiring the dock to terminate at the north branch of
 the tributary.  The ALC's order authorized Mappus "to construct a dock
 terminating at Bohicket Creek at the location, and in the configuration, set
 forth in her permit application."  The ALC relied upon this court's
 subsequently reversed Brownlee decision, which found that the Atkinson
 dock rendered the tributary non-navigable.  Brownlee, 372 S.C. at
 128, 641 S.E.2d at 49.  Based on that decision, the ALC also determined the
 Combos dock was a man-made impediment which independently rendered the
 tributary non-navigable and warranted allowing Mappus to extend her dock to
 Bohicket Creek.  Furthermore, the ALC order stated that "the termination
 of the tributary closely near the location where Petitioner's dock will cross
 over the tributary is an exceptional geographic condition that warrants further
 consideration in determining whether Petitioner should be allowed to extend her
 dock to Bohicket Creek." 
DHEC
 appeals the ALC's ruling, arguing that its reliance on this court's Brownlee decision is an error of law requiring reversal.  See S.C. Code Ann. §
 1-23-610(B) (Supp. 2009) ("The court of appeals may . . . reverse or
 modify the decision if the substantive rights of the petitioner have been
 prejudiced because the finding, conclusion, or decision is: . . . (d) affected
 by other error of law.").  We agree.  The supreme court's Brownlee decision requires the ALC, on remand, to review the final DHEC Board decision
 in accordance with the law that a man-made impediment does not affect
 navigability.
II.  DHEC
 Discretion
DHEC also contends the
 ALC erred in finding that the termination of the tributary close to the
 location where Mappus's proposed dock would cross it is an "exceptional
 geographic condition" that warrants crossing a navigable creek under South
 Carolina Code of Regulations 30-12(A)(1)(n).  Conversely, Mappus argues that it
 qualifies as an additional sustaining ground for affirming the ALC's order
 granting her dock extension to Bohicket Creek.  We find the categorization of
 part of the tributary as "an exceptional geographic condition" is not
 an additional sustaining ground.  The order merely states that the finding
 "warrants further consideration," but reaches no conclusion as to the
 effect of any such consideration.  Rather, we find that the issue is whether
 DHEC has discretion to allow Mappus to cross a navigable creek.
The regulation
 governing construction of docks is South Carolina Code of Regulations 30-12(A). 
 When DHEC considered the dock permit applications in Brownlee, the
 version of 30-12(A) in existence stated in pertinent part only: "Docks
 must extend to the first navigable creek with a defined channel as evidenced by
 a significant change in grade with the surrounding marsh.  Such creeks cannot
 be abridged in order to obtain access to deeper water."  S.C. Code Ann.
 Regs. 30-12(A)(2)(n) (Supp. 2001).  Thus, DHEC had no discretion under the
 regulation as it was analyzed in Brownlee.  In contrast, when Mappus
 filed her dock permit application with DHEC in 2006, the regulation had been
 amended to state in relevant part: 
Docks
 must extend to the first navigable
 creek, within extensions of upland property lines or corridor lines, that has a
 defined channel as evidenced by a significant change in grade with the
 surrounding marsh; or having an established history of navigational access or
 use.  Rare geographic circumstances, such as very close proximity of a
 significantly larger creek within extensions of property or corridor lines, may
 warrant dock extension to a creek other than the first navigable
 creek.  A creek with an established history of navigational use may also be
 considered as navigable.  Such creeks cannot be bridged in
 order to obtain access to deeper water. . . .  In exceptional cases, the
 Department may allow an open water channel to be bridged if current access is
 prohibited by other man made or natural restrictions or if site-specific
 conditions warrant such a crossing. 
 S.C. Code Ann. Regs. 30-12(A)(1)(n) (Supp. 2005).  Therefore, in Mappus's case,
 DHEC is afforded discretion in "rare geographic circumstances" and
 "exceptional cases."  Mappus contends that these regulatory changes
 "provide the flexibility necessary to address Respondent's situation"
 and allow DHEC to exercise discretion in issuing dock permits, which it failed
 to use when considering her application.      
We agree with Mappus that the regulation in place at the time of her application afforded
 DHEC discretion.  On remand, the ALC must determine whether DHEC properly
 exercised such discretion when determining navigability in light of the 2005 amendments
 to South Carolina Code of Regulations 30-12(A)(1)(n).[3]  The ALC is in a better
 position than this court to judge the exercise of such discretion.
III.  Conclusion
We remand this case
 to the ALC for further proceedings in accordance with Brownlee, Combos,
 and the 2005 amendments to South Carolina Code of Regulations 30-12(A)(1)(n).
REVERSED AND REMANDED.
SHORT
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] "Docks must extend to the first navigable creek
 . . . ."  S.C. Code Ann. Regs. 30-12(A)(1)(n) (Supp. 2005) (amended
 2009).  The 2005 amendment was in place at the time of Mappus's application to
 DHEC; however, the 2009 amendment contains identical language.  S.C. Code Ann.
 Regs. 30-12(A)(1)(n) (Supp. 2009).
[3] Mappus argues that DHEC should have exercised the
 discretion given to it by the 2005 amendments and considered whether or not (1)
 her "site-specific conditions warrant such a crossing" over the
 tributary and; (2) she has "rare geographic circumstances . . . [that] may
 warrant dock extension to a creek other than the first navigable creek."